IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS G. KEZAR and SYLVA SHROYER KEZAR, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:17-CV-389-RP |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant State Farm Lloyds' ("State Farm") Motion for Partial Summary Judgment, (Dkt. 21), and the parties' responsive briefing. Having considered the parties' arguments and the relevant law, the Court will grant the motion.

## I. BACKGROUND

Plaintiffs Thomas G. and Sylva Shroyer Kezar ("the Kezars") own a home that was damaged by a fire in August 2015, for which they filed a homeowners insurance claim with State Farm. (First Am. Pet., Dkt. 1-5, at 2). The Kezars allege that State Farm provided them with an inadequate initial claims estimate; that State Farm failed to timely address damaged temporary roof coverings, causing more damage; and that State Farm delayed in responding to settlement communications. (*Id.* at 2–3). Out of these allegations, the Kezars assert causes of action against State Farm for fraud, negligence, breach of contract, breach of the duty of good faith and fair dealing, and unfair settlement practices. (*Id.* at 3–4).

In the instant motion, State Farm asks the Court to grant summary judgment with respect to the causes of action arising out of only one of three components of their policy: the component

pertaining to the dwelling ("the Coverage A claim").[1] (Part. Mot. Summ. J., Dkt. 21, at 1). State Farm argues that the Coverage A claim is subject to the policy's appraisal provision and that its payment of an appraisal award precludes relief under each of the Kezars' causes of action with respect to that claim. (*Id.* at 6–17). The Kezars respond that summary judgment is inappropriate with respect to their breach of contract cause of action regarding the Coverage A claim because State Farm failed to timely pay the appraisal award. (Resp. Part. Mot. Summ. J., Dkt. 23, at 4–7).

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

---

[1] The other two components pertain to the Kezars' personal property ("the Coverage B claim") and to living expenses supporting the Kezars while they were out of their home ("the Coverage C claim"). (Part. Mot. Summ. J., Dkt. 21, at 1).

## III. DISCUSSION

*A. The Breach of Contract Claim*

In Texas, an appraisal award made pursuant to the provisions of an insurance contract is binding and enforceable. *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.) When an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts the payment, the insured is "estopped by the appraisal award from maintaining a breach of contract claim against [the insurer]." *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (citing *Franco*, 154 S.W.3d at 787). Because "every reasonable presumption will be indulged to sustain an appraisal award," the party seeking to avoid the award bears the burden of proof. *Id.* (citation omitted).

The parties agree that the Kezars' insurance policy has an appraisal provision, (*see* Policy, Dkt. 21-1, at 17), and that State Farm initiated the appraisal process after the parties failed to agree on the amount of loss. (Part. Mot. Summ. J., Dkt. 21, at 5; Resp. Part. Mot. Summ. J., Dkt. 23, at 5). The parties also agree that State Farm made a payment of an appraisal award and that the Kezars received that payment. (Part. Mot. Summ. J., Dkt. 21, at 5–6; Resp. Part. Mot. Summ. J., Dkt. 23, at 6). The parties disagree only about whether that payment was timely.

A written agreement signed by State Farm's appraiser and the umpire set the amount of the loss on June 23, 2017. (Appraisal Award, Dkt. 21-8; Resp. Part. Mot. Summ. J., Dkt. 23, at 5–6). The signed appraisal award was delivered to State Farm on July 5, 2017, and State Farm notified the Kezars of the award and delivered a check in the amount of the award to the Kezars on July 14, 2017. (Part. Mot. Summ. J., Dkt. 21, at 5–6; Resp. Part. Mot. Summ. J., Dkt. 23, at 6). The "Loss Payment" section of the policy contains a clause that reads:

> If we notify you that we will pay your claim, or part of your claims, we must pay within 5 business days after we notify you. If payment of your claim or part of your claim requires the performance of an act by you, we must pay within 5 business days after the date you perform the act.

3

(Policy, Dkt. 21-1, at 18).

Both parties agree that the policy requires State Farm to pay the Kezars within five business days of some event, but they disagree about what the triggering event is. State Farm argues that it was required to pay the Kezars within five business days of notifying them that State Farm would pay their claim. (Reply Mot. Summ. J., Dkt. 25, at 4). The Kezars, meanwhile, make several different alternative arguments about when State Farm's five-day window might have opened. (Resp. Part. Mot. Summ. J., Dkt. 23, at 5–6). First, the Kezars argue that State Farm's September 2015 letter initially estimating the Kezar's loss—and enclosing payment—triggered an obligation to pay their claim. (*Id.* at 5). Second, the Kezars argue State Farm's obligation to pay within five days was triggered by an "act by Plaintiff prior to payment of the claim," which occurred either when State Farm invoked the appraisal clause on June 23, 2016, (*id.* at 6), or when State Farm's appraiser and the umpire signed the agreement setting the loss on June 23, 2017. (*Id.* at 5–6). The Kezars argue that State Farm's payment on July 14, 2017, is untimely under any of these theories. (*Id.* at 6).

To determine the timeliness of State Farm's payment, the parties thus ask the Court to interpret their contract, which is a question of law. *See New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016) ("Federal law dictates whether the contract interpretation here is a question of law or fact, and generally, interpreting a contract is a matter of law for the court."). In a diversity case, the Court applies state law to interpret the contract. *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013). The Court's objective is to determine the parties' intent, which entails enforcing the contract as written where the contract is unambiguous. *Id.* A contract is ambiguous "only if it is subject to two or more reasonable interpretations after applying the pertinent canons of construction." *Id.* (citation omitted).

Here, the Court finds that the policy unambiguously requires State Farm to make a payment within five business days only if State Farm notifies the Kezars that it will pay some or all of a

4

claim—or, if payment is conditioned on some action by the Kezars, five days from that action. (Policy, Dkt. 21-1, at 18). The Kezars admit that State Farm twice notified them that it would pay some or all of a claim: once on September 24, 2015, when it first estimated their loss, and again on July 14, 2017, when it informed them of the appraisal award. (Resp. Part. Mot. Summ. J., Dkt. 23, at 5–6). They do not dispute that State twice delivered payment simultaneously with each notification. (*Id.*). In other words, State Farm made both payments within five days of notification. Under the unambiguous terms of the policy, both payments were timely.

Meanwhile, there is no reasonable interpretation of the policy that would support the Kezars' theories that State Farm's payment obligation arose when State Farm invoked the appraisal process or when their appraiser and the umpire signed their agreement—that is, without a notification from State Farm and after an action taken by someone other than the Kezars. Even drawing all reasonable inferences in the Kezars' favor, the Court finds that no reasonable jury could find that they met their burden to prove that State Farms' payments were untimely. The Kezars are therefore estopped by the appraisal award from maintaining a breach of contract cause of action against State Farm with respect to the Coverage A claim.

### B. *The Extracontractual Claims*

In its motion, State Farm also seeks summary judgment on the Kezars' four extracontractual causes of action as they relate to the Coverage A claim. (Part. Mot. Summ. J., Dkt. 21, at 11–17). The Kezars' response only addresses their claims for breach of the duty of good faith and fair dealing and their "bad faith" claims. (*Id.* at 3–4). Assuming that the Kezars' arguments regarding their bad faith claims refer to their presumably statutory causes of action labeled "unfair settlement practices," (Am. Pet., Dkt. 1-5, at 4), the Kezars' response is silent with respect to their fraud and negligence causes of action. (Resp. Part. Mot. Summ. J., Dkt. 23, at 8–15).

In their negligence cause of action, the Kezars allege that State Farm breached its duty to "undertake a good faith effort to effectuate a prompt, fair, and equitable settlement of a claim when [State Farm's] liability has become reasonably clear." (*Id.*). State Farm argues that Texas law does not recognize a cause of action for negligent claim handling. (Part. Mot. Summ. J., Dkt. 21, at 15–16). The Court agrees. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Texas law does not recognize a cause of action for negligent claims handling."). Summary judgment is appropriate on this cause of action with respect to the Coverage A claim.

In their fraud cause of action, the Kezars allege that State Farm "made material false representations to them" and "failed to disclose material facts" to them, but they do not identify the misrepresentations or omissions that form the basis of their cause of action. (Am. Pet., Dkt. 1-5, at 3–4). State Farm argues that the alleged misrepresentations are not actionable, but cannot identify the misrepresentations at issue any more than to suggest that they "are generally that Defendant misrepresented the value of Plaintiffs' claim." (Part. Mot. Summ. J., Dkt. 21, at 15 n.60). Without knowing which alleged representations are at issue, the Court cannot determine the merits of State Farm's argument. The Court will therefore order the Kezars to file an amended pleading stating a cause of action for fraud that complies with Federal Rule of Civil Procedure 9(b). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("Rule 9(b) requires that plaintiffs plead enough facts to illustrate "the 'who, what, when, where, and how' of the alleged fraud.") (citation omitted); *see also* Fed. R. Civ. P. 81(c) (providing that a court may order a plaintiff to replead after removal).

In their cause of action labeled "unfair settlement practices," the Kezars allege several actions or omissions by State Farm; the language of the allegations tracks the text of Texas Insurance Code § 542.003. (Am. Pet., Dkt. 1-5, at 4). State Farm argues that Section 542.003 does not provide a private right of action, (Part. Mot. Summ. J., Dkt. 21, at 14), and the Court agrees. *See KLZ Diamond Tools, Inc. v. TKG Gen. Agency, Inc.*, No. 05-14-00458-CV, 2016 WL 3947412, at *6

(Tex. App.—Dallas July 18, 2016, no pet.) ("Chapter 542 does not provide a private cause of action for violations of its terms."); *First Am. Title Ins. Co. v. Patriot Bank*, No. 01-14-00170-CV, 2015 WL 2228549, at *7 (Tex. App.—Houston [1st Dist.] May 12, 2015) (affirming summary judgment on a Section 542.003 claim because "there is no private cause of action for such violations"); *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013) ("[T]here is no private right of action under [Section 542.003]."). Summary judgment is appropriate on this cause of action with respect to the Coverage A claim.

Remaining is the Kezars' cause of action for breach of the duty of good faith and fair dealing, in which they allege that State Farm had no reasonable basis for denying or delaying payment of their claim. (Am. Pet., Dkt. 1-5, at 4). An insurer has a duty to deal fairly and in good faith with its insured under Texas law, and it breaches this duty "if the insurer knew or should have known that it was reasonably clear that the claim was covered," but denies or unreasonably delays payment of the claim. *Garcia v. Lloyds*, 514 S.W.3d 257, 276 (Tex. App.—San Antonio 2016, pet. denied) (citation omitted). "In most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Id.* (citation omitted). Several exceptions to that general rule exist, however; for example, an insurer may yet be liable if "the insurer [were to] commit some act, so extreme, that would cause injury independent of the policy claim." *USAA Texas Lloyds Co. v. Menchaca*, No. 14-0721, 2018 WL 1866041, at *14 (Tex. Apr. 13, 2018) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)).

State Farm argues that no exception to the general rule applies and that it is therefore not liable in tort because it did not breach its contract with the Kezars. (Part. Mot. Summ. J., Dkt. 21, at 11–13). Specifically, State Farm argues that the Kezars failed to "allege[ ] any facts which would give rise to an independent injury claim." (*Id.* at 13). The Kezars, meanwhile, argue that State Farm's intentional delay in settling their claims caused them injuries independent of the policy claim. (Resp.

7

Part. Mot. Summ. J., Dkt. 23, at 8–15). Specifically, the Kezars identify three acts of allegedly intentional delay: (1) State Farm's agent initially estimated the loss at a value approximately $200,000 lower than the ultimate appraisal award; (2) State Farm appointed its appraiser 28 days late; and (3) State Farm's appraiser took seven months to submit his estimate. (*Id.* at 9–13). The Kezars state that these delays injured them by increasing their construction costs, diminishing their health and quality of life, requiring them to spend money to convert their office into a residential space, and delaying their claim to their appraisal award. (*Id.* at 13–14).

None of these injuries are sufficiently independent, nor are any of these acts sufficiently extreme, to warrant application of the independent-injury rule. The independent-injury rule applies "only if the damages are truly independent of the insured's right to receive policy benefits," which means that the extracontractual claims may not be "predicated on the loss being covered under the insurance policy," nor may the damages "flow or stem" from the denial of the claim. *Menchaca*, 2018 WL 1866041, at *14 (citations and quotation marks omitted). The rule is applied so rarely that the Texas Supreme Court has "yet to encounter" a successful application of the rule. *Menchaca*, 2018 WL 1866041, at *15; *see also Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 521–22 (5th Cir. 2013) ("[I]n seventeen years . . . no Texas court has yet held that recovery is available for an insurer's extreme act, causing injury independent of the policy claim.").

According to the Kezars' own characterization of their injuries, each is caused by State Farm's allegedly bad-faith delays in fully resolving their claims. (Resp. Part. Mot. Summ. J., Dkt. 23, at 13–14). Because these injuries flow from the denial of the Kezars' claim, the independent injury rule does not apply.[2] Accordingly, their recovery for this extracontractual cause of action is barred by their failure to establish a breach of contract.

---

[2] At the very least, these facts do not incline the Court to make an *Erie* guess that a Texas state court would apply the independent injury rule here, especially when the rule has been applied so rarely that, according to the Fifth Circuit, the case history of the rule "does not yield a sound foundation for an *Erie* guess." *Mid-Continent Cas. Co.*, 709 F.3d at 522.

8

## VII. CONCLUSION

For these reasons, the Court **ORDERS** State Farm's Motion for Partial Summary Judgment, (Dkt. 21), is **GRANTED**, except to the extent that the Kezars are directed to amend their pleadings with respect to their fraud cause of action in order to comply with Federal Rule of Civil Procedure 9(b) within **14 days** of the date this order is filed.

**SIGNED** on May 17, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE