IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS G. KEZAR and SYLVA SHROYER KEZAR, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:17-CV-389-RP |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is a Motion to Alter or Amend Judgment filed by Plaintiffs Thomas G. and Sylva Shroyer Kezar ("the Kezars"), (Dkt. 33), along with a response filed by Defendant State Farm Lloyds ("State Farm"), (Dkt. 34). The Kezars ask the Court to alter or amend its order granting State Farm's motion for partial summary judgment. (Order, Dkt. 32). Having considered the parties' arguments and the relevant law, the Court will deny the Kezars' motion.

**I. BACKGROUND**

Plaintiffs Thomas G. and Sylva Shroyer Kezar ("the Kezars") own a home that was damaged by a fire in August 2015, for which they filed a homeowners insurance claim with State Farm. (First Am. Pet., Dkt. 1-5, at 2). The Kezars allege that State Farm provided them with an inadequate initial claims estimate; that State Farm failed to timely address damaged temporary roof coverings, causing more damage; and that State Farm delayed in responding to settlement communications. (*Id.* at 2–3). Out of these allegations, the Kezars assert causes of action against State Farm for fraud, negligence, breach of contract, breach of the duty of good faith and fair dealing, and unfair settlement practices. (*Id.* at 3–4).

In its motion for partial summary judgment, State Farm asked the Court to grant summary judgment with respect to the causes of action arising out of only one of three components of the

1

Kezars' insurance policy: the component pertaining to the dwelling ("the Coverage A claim").[1] (Part. Mot. Summ. J., Dkt. 21, at 1). State Farm argued that the Coverage A claim is subject to the policy's appraisal provision and that its payment of an appraisal award precludes relief under each of the Kezars' causes of action with respect to that claim. (*Id.* at 6–17). The Kezars objected that State Farm failed to timely pay the appraisal award, (Resp. Part. Mot. Summ. J., Dkt. 23, at 4–7),[2] but the Court disagreed and granted partial summary judgment in favor of State Farm, (Order, Dkt. 32). The Court's order pertained both to the Kezars' contractual and extracontractual claims arising out of their Coverage A policy claim. (*Id.* at 3–8). The Kezars now ask the Court to alter or amend that decision only as it pertains to their breach of contract claim. (*See* Mot. Alter J., Dkt. 33, at 9).

## II. LEGAL STANDARD

The Kezars state incorrectly that their motion is brought under Federal Rule of Civil Procedure 59(e), which allows motions to alter or amend a judgment. (*Id.*).[3] "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). Motions for summary judgment are interlocutory, not final, when their resolution does not end the action. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). In such cases, as here, Rule 54(b) provides the correct standard for deciding a motion for reconsideration. *Id.* The Court will therefore consider the Kezars' motion under Rule 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the

---

[1] The other two components pertain to the Kezars' personal property ("the Coverage B claim") and to living expenses supporting the Kezars while they were out of their home ("the Coverage C claim"). (Part. Mot. Summ. J., Dkt. 21, at 1).

[2] In relevant part, the "Loss Payment" section of the Kezars' policy contains a clause that reads: "If we notify you that we will pay your claim, or part of your claims, we must pay within 5 business days after we notify you. If payment of your claim or part of your claim requires the performance of an act by you, we must pay within 5 business days after the date you perform the act." (Policy, Dkt. 21-1, at 18).

[3] And State Farm incorrectly relies on Rule 59(e) in its response. (Resp. Mot. Alter J., Dkt. 34, at 2).

2

absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## III. DISCUSSION

The Kezars' motion presents no new facts or argument; it recites the same argument made in response to State Farm's motion for partial summary judgment. (*Compare* Mot. Amend. J., Dkt. 33, at 9–13, *with* Resp. Part. Mot. Summ. J., Dkt. 23, at 4–7). The only new information supplied by the Kezars' motion is a citation to seven cases that the Kezars characterize as persuasive authority. (Mot. Amend. J., Dkt. 33, at 14–18). None of those cases requires or persuades the Court to reconsider its partial summary judgment order.

For example, *Hall v. Germania Farm Mut. Ins. Ass'n*, No. 07-16-00304-CV, 2017 WL 4630028 (Tex. App.—Amarillo Oct. 13, 2017), is distinguishable. In *Hall*, the plaintiff's insurance contract contained appraisal- and loss payment clauses similar to the Kezars'—notably, as in this case, the loss payment clause in *Hall* required payment within five days of notification that a claim will be paid. *Id.* at *5. There, the insurer received the appraisal and issued payment to the plaintiff ten days later. *Id.* at *6. But there was no evidence as to when the insurer notified the plaintiff of payment, nor was there evidence of the date that the plaintiff received payment. *Id.* Moreover, the parties argued that payment was tied to various parts of the appraisal process; the court disagreed and applied the common-law rule that the insurer had a reasonable time after appraisal to pay the plaintiff. *Id.* at *5–6. The *Hall* court found fact disputes regarding the timing of payment dispatch and receipt and of reasonableness under the common-law test. *Id.* at *6–7.

This case is factually distinct. Here, by contrast, the Court found that the Kezars' contract unambiguously required payment within five days of State Farm's notification that it would pay some or all of a claim. (Order, Dkt. 32, at 4–5). Because there is no dispute that State Farm issued

3

both of its payments at the same time it notified the Kezars of those payments, State Farm timely paid the Kezars under the insurance contact's unambiguous terms. (*Id.* at 5).

Likewise, nothing in *Hall* persuades the Court to interpret the Kezars' insurance contract differently. In a diversity case, the Court applies state law to interpret the contract. *McLane Foodservice, Inc. v. Table Rock Rests., L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013). The Court's objective is to determine the parties' intent, which entails enforcing the contract as written where the contract is unambiguous. *Id.* A contract is ambiguous "only if it is subject to two or more reasonable interpretations after applying the pertinent canons of construction." *Id.* To determine state law, the Court would ordinarily look to final decisions of the Texas Supreme Court or, in the absence of such decisions, to decisions of Texas' intermediate appellate courts for guidance. *See Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000).[4] When making an *Erie* guess, the Court's task "is to attempt to predict state law, not to create or modify it." *Keen v. Miller Envt'l Grp., Inc.*, 702 F.3d 239, 243 (5th Cir. 2012).

The *Hall* court, whose interpretation of similar contract provisions is relevant to the Court's *Erie* guess, concluded that the loss payment clause "does not necessarily apply when a party demands an appraisal." *Hall*, 2017 WL 4630028, at *5 n.5. But the *Hall* court found that ambiguity in the context of a hypothetical question of whether the five-day window was violated when an insurer notified the insured of payment prior to invoking the appraisal process but did not issue any payment, partial or otherwise, until the appraisal process concluded. *Id.*

Such an ambiguity does not exist in the circumstances of this case. The Kezars argue that State Farm breached the insurance policy because they made the final, post-appraisal payment "659

---

[4] Other sources of guidance for making an *Erie* guess include: "(1) decisions of the Texas Supreme Court in analogous cases, (2) the rationales and analyses underlying Texas Supreme Court decisions on related issues, (3) dicta by the Texas Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of other courts of other states to which Texas courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 291 (5th Cir. 2016) (cleaned up) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010)).

4

days after the initial notification to Plaintiffs the claim would be paid." (Resp. Mot. Summ. J., Dkt. 22, at 6). But there is no dispute that State Farm made *a* payment simultaneously with its initial notification. (Order, Dkt. 32, at 5). The Kezars' problem with that payment is that the initial payment was too little, and their theory of liability is that State Farm breached the policy by not initially issuing the greater payment later determined through the appraisal process. (Resp. Mot. Summ. J., Dkt. 22, at 6). Such an interpretation is neither suggested by *Hall*, nor could it have been intended by the parties.[5] By definition, the appraisal process assumes a payment (or at least, notification of an intended payment) by the insurer that the insured disputes, the resolution of which dispute will be determined later. (*See* Policy, Dkt. 21-1, at 13). Inherent in the appraisal process is a second payment that will very likely differ from the first. The parties could not have intended to obligate State Farm to make a payment for some yet-to-be-determined amount appraisal value before the appraisal process has begun. The policy's loss payment clause states: "If we [State Farm] notify you [the insured] that we will pay your claim, or part of your claims, we must pay within 5 business days after we notify you." (Policy, Dkt. 21-1, at 18). That clause unambiguously implies that the amount to be paid is the amount notified, and there is no dispute that State Farm timely paid the amounts notified after both notifications. *Hall* does not countenance a contrary conclusion.

As for the Kezars' remaining authority, none is persuasive. *Cody v. Am. Bankers Ins. Co. of Fla.*, No. 2:14-CV-00187-J, 2015 WL 6460007 (N.D. Tex. Oct. 21, 2015), is a non-binding decision issued by a federal district court; the Court is not persuaded by that decision to reconsider its order granting State Farm's motion for partial summary judgment. The same is true for the unpublished

---

[5] Indeed, the Kezars' argument would create liability where Texas appellate courts have specifically rejected it. *See, e.g.*, *Garcia v. Lloyds*, 514 S.W.3d 257, 273 (Tex. App.—San Antonio 2016, pet. denied) ("Texas law clearly holds the discrepancy between the initial estimate and the appraisal award cannot be used as evidence of breach of contract."); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2004, pet. denied) (holding that an insured "may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal.").

5

federal and state district court decisions supplied by the Kezars.[6] These nonbinding authorities do not persuade the Court to reconsider its earlier decision.

More persuasive is the series of federal district courts decisions interpreting materially similar insurance policy clauses in the same manner as the Court. For example, in *Carroll v. State Farm Lloyds*, No. CV H-16-1626, 2017 WL 2999681 (S.D. Tex. June 28, 2017), the insurance policy provided: "If we [the insurer] notify you [the insured] that we will pay your claim, or part of your claim, we must pay within 5 business days after we notify you." *Id.* at *2. There, the court found that it was "undisputed that State Farm notified Plaintiff on February 17, 2017, that it would pay the appraisal award. At that same time, State Farm sent payment of the award." *Id.* The court concluded that "State Farm's payment of the appraisal award, tendered contemporaneously with its notice that it would pay the award, was timely under the Policy." *Id.* The court held that the full and timely payment of the appraisal award precluded the plaintiff's contractual and extracontractual claims. *Id.* at *2–3. Other courts have also held that payment simultaneous with notification complies with materially similar loss payment clauses. *See McEntyre v. State Farm Lloyds, Inc.*, 4:15-CV-00213, 2016 WL 6071598, at *5 (E.D. Tex. Oct. 17, 2016) ("State Farm thus timely tendered payment on the same day it notified Plaintiffs that it would pay the appraisal award."); *Rubio v. Certain Underwriters at Lloyd's, London*, CV H-15-1403, 2016 WL 6909335, at *2 n.14 (S.D. Tex. Oct. 5, 2016) ("Defendant's tender of the full amount of the appraisal award simultaneously with its notice of payment was timely under the terms of the Policy."); *Alvarez v. Lloyds*, 7:13-CV-182, 2013 WL 12100997, at *4 (S.D. Tex. Nov. 8, 2013) ("[I]t is undisputed that [the insured] received notice that Allstate would pay the appraisal award by way of Allstate actually providing the payment; there is no fact issue

---

[6] *Lacross v. Liberty Insurance Corporation*, No. 4:14-CV-03403, mem. Op. at 3–8 (S.D. Tex. Dec. 19, 2016) (ECF No. 32); *Ratliff v. Safeco Ins. Co. of Indiana and Danielle Brau*, No. 429-00820-2016 (429th Dist. Ct., Collin County, Tex., Jul. 3, 2017); *Carpenter v. Allstate Vehicle and Prop. Ins. Co.*, No. DC-15-13656 (192nd Judicial Dist., Dallas County, Tex., March 23, 2017); *Moses v. Safeco Ins. Co. of Indiana et al.*, No. DC-15-03763 (162nd Judicial Dist., Dallas County, Tex. October 11, 2017).

about the difference in timing because the two events occurred simultaneously."). The Court will not reconsider its earlier order.

## IV. CONCLUSION

For these reasons, the Court **ORDERS** that the Kezars' Motion to Alter or Amend Judgment, (Dkt. 33), is **DENIED**.

**SIGNED** on November 16, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE